In re LEVINE.

(District Court. E. D. New York. May 9, 1912.)

BANKRUPTCY (§ 178*)—FRAUDULENT TRANSFERS.

A chattel mortgage taken by a creditor of a bankrupt from a corporation organized to take over the business of the bankrupt after the latter had made fraudulent transfers of property to the creditor's knowledge *held* fraudulent and void, although nominally given to secure payment for stock of the corporation issued to and afterwards surrendered by the creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 264-274, 283, 284; Dec. Dig. § 178.*]

In the matter of Ellis Levine, bankrupt. On exceptions to report of commissioner. Overruled.

Silverman & Silverman, for trustee.
Stanislaus N. Tuckman, for Halpern.

CHATFIELD, District Judge. The report should be confirmed. The commissioner's finding that Halpern was a party to the fraudulent concealment of Ellis Levine's property is amply supported by the testimony. Halpern seems to have actually arranged to go into partnership with the bankrupt, although he had knowledge of the various transfers to the bankrupt's wife, but by advice of counsel a corporation was formed instead, and the stock was taken in the names of Halpern and the bankrupt's wife, who had been previously used for the fraudulent purpose of nominally holding title to the property. Subsequently, also by advice of counsel, he withdrew from the corporation and turned back to the corporation the stock issued to him upon receipt of $1,000 and a mortgage for $3,000 on which $500 had been paid.

The commissioner's finding that the whole purpose was fraudulent, and that the evidence does not satisfactorily show that Halpern ever purchased the stock for a present consideration, or even that he ever loaned the moneys claimed, is correct. If Halpern did own any stock for money advanced, then his sale of that stock to the corporation, and the taking of a chattel mortgage, was invalid and fraudulent as against creditors, in view of his knowledge of the condition of the corporation. If he had been a creditor of the corporation, such payment would plainly have been preferential. To allow a creditor to invest the amount of his debt in a partnership business, and to receive in exchange stock of a corporation organized to take over that business, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

then to allow the corporation to buy back that stock by the giving of a chattel mortgage upon the assets and by the payment of cash, when all of the parties had knowledge of the entire transaction, and when the business was at all times insolvent, is a plain fraud upon all of the creditors.

Mrs. Levine seems to have pledged the stock in her name to Halpern for $1,500, and this adds to the general appearance of fraud, for Halpern knew that her title was bad, and that he was getting security which belonged to the creditors of Ellis Levine. Furthermore, this pledge of the stock makes Halpern's whole connection with the matter resemble that of a creditor seeking double security for a past debt, and this is clearly preferential and void.

The chattel mortgage will be held invalid, and the trustee should look into the circumstances under which the $1,500 cash was repaid for stock issued in payment of previous alleged loans. Two checks, one for $873.72, drawn on the 26th day of June, 1911, and one for $325, subsequent to that date, to the order of Levine & Halpern, may have been delivered by Halpern in such a way as to furnish a valid consideration for the issuance of stock to that amount, and this may justify the repayment of the $1,500 in cash, but the mortgage transaction was invalid as against creditors from every point of view.